FILED

13 OCT -2 AM 10: 25

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: KM   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 13-CR-0841-BEN |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION 1) TO SUPPRESS PHONE RECORDS; 2) TO PRECLUDE INTRODUCTION OF JAIL CALLS** |
| vs. | |
| JOSE MORENO-NEVAREZ, | [Docket No. 44] |
| Defendant. | |

Before this Court are the Defendant's Motions In Limine to 1) Suppress Evidence Seized From Court Order, 2) Preclude Introduction of Jail Calls. [Docket No. 44]. Upon consideration of the briefs submitted and oral argument heard on September 27, 2013, this Court **DENIES** Defendant's Motion.

I. Suppression of Phone Records

On August 19, 2013, the Government filed an application pursuant to 18 U.S.C. § 2703(c) and (d) for subscriber and other information, including cell site information with this Court. [Def. Ex. A]. Magistrate Judge Barbara L. Major granted the application in the "Order Authorizing Disclosure of Subscriber and Other Information." [Def. Ex. B]. The order directed the service provider to disclose historical data of cell site and cell sector activations by the Target telephone number from the period between November 1, 2012 and January 12, 2013. [Def. Ex. B at 2]. Cell phone companies record which cell towers a user's phone connects to at the beginning and end of each

call. *United States v. Jones*, 908 F.Supp.2d 203 at 206 (D.D.C. 2012). This data is generated only when the user makes or receives a telephone call. *Id.* (citation omitted). The precision of the data in indicating the user's location depends upon the distance between cell towers in the user's area. *Id.*

The defendant seeks to suppress the records obtained by the August 19, 2013 court order on the grounds that the government was required to obtain a warrant supported by probable cause.

### A. The Constitutionality of 18 U.S.C. § 2703

The Fourth Amendment states that:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

U.S. Const. amend IV.

The 1986 Stored Communications Act (SCA), codified at 18 U.S.C. § 2703, authorizes the government to require cellular service providers to disclose a customer's call records, "not including the contents of communications," without the customer's consent, only when the government obtains a warrant, or obtains a court order for the disclosure under § 2703(d). 18 U.S.C. § 2703(c)(1)(A)-(B). A § 2703(d) order "shall only issue if the government offers specific and articulable facts showing that there are reasonable grounds to believe that ... the records ... are relevant and material to an ongoing criminal investigation." § 2703(d). This standard is a lesser showing than that demanded by the Fourth Amendment to obtain a warrant. *See In the Matter of the Application of the United States of Am. for an Order Directing a Provider of Elec. Commc'n Serv. to Disclose Records to the Gov't*, 620 F.3d 304, 313 (3d Cir. 2010).

In its recent decision in *United States v. Jones*, 132 S.Ct. 945, 949 (2012), the Supreme Court held that the Government's installation of a global positioning system (GPS) device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constituted a search. At the same time, the Supreme Court stated that "we

do not make trespass the exclusive test. Situations involving merely the transmission of electronic signals without trespass would remain subject to *Katz* analysis." *Id.* at 953. The Court reaffirmed its adoption of Justice Harlan's analysis in *Katz v. United States*, that a violation occurs when government officers violate a person's "reasonable expectation of privacy." 132 S.Ct. at 950 (quoting *Katz v. United States*, 389 U.S. 347, 360 (1967) (Harlan, J., concurring)).

Although the Ninth Circuit has yet to consider a challenge to the constitutionality of § 2703(d)'s standard for historical cell site data, the Third and Fifth Circuits have found that the lower standard found in § 2703 withstands Fourth Amendment challenge. 620 F.3d at 317-318; *In re Application of the United States of Am. for Historical Cell Site Data*, 724 F.3d 600, 614-615 (5th Cir. 2013). This Court joins the Third and Fifth Circuits, as well as the majority of the courts to address this issue, 908 F.Supp.2d at 211, in concluding that there is no "reasonable expectation of privacy" in historical cell site data.

In its "tracking device" jurisprudence, the Supreme Court has held that the use of a tracking device to follow movements on public highways does not implicate Fourth Amendment concerns, because the defendants do not have a reasonable expectation of privacy while in plain view on public thoroughfares. *United States v. Knotts*, 460 U.S. 276, 281-282 (1983). However, the use of a tracking device to find the specific location of a particular item within a private residence at a particular time is a Fourth Amendment search, as the specific location could not have been visually verified. *United States v. Karo*, 468 U.S. 705, 715 (1984).

As the Third Circuit acknowledged, the use of cell-site data "may, under certain circumstances, be used to approximate the past location of a person," and it might be able to infer present or future location. 620 F.3d at 312. However, as the Third Circuit stated:

> The Knotts/Karo opinions make clear that the privacy interests at issue are confined to the interior of the home. There is no evidence in this record that historical [cell site location information (CSLI)], even when focused on cell phones that are equipped with GPS, extends to that realm. We

therefore cannot accept the [magistrate judge]'s conclusion that CSLI by definition should be considered information from a tracking device that, for that reason, requires probable cause for its production.

620 F.3d at 312-313.

The Supreme Court's decision in *Jones* does not dictate a different response. Unlike the government actions at issue in *Jones*, the Government in the instant case was acting pursuant to a court order, acquired existing historical information from a third party, and did not physically trespass upon the defendant's property or effects. The *Jones* court noted the possibility that the use of electronic means, without an accompanying trespass, might be an unconstitutional invasion of privacy where traditional visual surveillance would have required significant resources. 132 S.Ct. at 953-54. However, it declined to reach that question, and the opinion does not require a different result in the case at hand. *Id.* at 954.

This Court further notes that, even if the statute were to be held unconstitutional, the good faith exception to the warrant requirement would apply. The Supreme Court has stated that where evidence is excluded when law enforcement officers act in objective good faith, "the magnitude of the benefit conferred on such guilty defendants offends basic concepts of the criminal justice system." *United States v. Leon*, 468 U.S. 897, 907-08 (1984). Law enforcement officers are entitled to rely on the legal judgement of a neutral magistrate. *See id.* at 921. Furthermore, the exclusionary rule does not apply where the challenged evidence was obtained by an officer acting in objectively reasonable reliance on a statute, even where the statute was later determined to be unconstitutional. *Illinois v. Krull*, 480 U.S. 340, 349 (1987). Here, law enforcement officers acted on the basis of an order issued by a neutral magistrate, pursuant to the authorization of an Act of Congress. As law enforcement's reliance on the constitutionality of the order was objectively reasonable, the good faith doctrine would apply, regardless of the constitutionality of the statute. *See also United States v. Hardwick*, 2012 WL 4883666 at *4 (E.D. La. Oct. 15, 2012) (declining to consider the constitutionality of the SCA and applying good faith doctrine); *United States v.*

*Graham*, 846 F.Supp.2d 384, 405-06 (D. Md. 2012) (upholding the constitutionality of acquiring historical cell site information and stating that the good faith exception would apply); *United States v. Ferguson*, 508 F.Supp.2d 7, 9-10 (D.D.C. 2007) (declining to consider the constitutionality of the SCA and applying good faith doctrine).

### B. Sufficiency of the "Specific and Articulable Facts"

The Defendant's Motion did not argue that the government lacked sufficient "specific and articulable facts" to support its application for a § 2703(d) order. However, the Defendant raised the issue in its reply brief [Docket No. 50] and at the hearing on September 27, 2013. A " district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

However, this Court finds that "specific and articulable facts" showing reasonable grounds did exist to support the Government's application. Among other facts, the Government's eight-page application disclosed that the Defendant was the sole occupant of the car and that a trained detection dog alerted to the vehicle. (Def. Ex. A at ¶3a). It disclosed the fact that Customs and Border Patrol Officers had discovered a non-factory compartment in the passenger-side airbag module that had been spray painted black, and the fact that the officers removed three wrapped packages that field-tested positive for cocaine and three that were found to contain methamphetamine. *Id.* at ¶3e. The application stated that officers had found $2,940 in U.S. currency and two cellular phones, including the target telephone. *Id.* at ¶3f. The Application also related the experience of law enforcement officials regarding the use of cellular phones in drug dealing. This Court finds that such disclosures constitute sufficient specific and articulable facts showing "reasonable grounds," as required by the statute. § 2703(d).

Defendant's Motion to Suppress Phone Records is **DENIED**.

## II. Suppression of Jail Calls

The United States has announced its intention to introduce evidence of

admissions made by Defendant in telephone calls he placed during his incarceration. (Gov. Resp. Br. at 9). The constitutionality of the admission of such "jailhouse" calls has been repeatedly upheld. *E.g. United States v. Van Poyck*, 77 F.3d 285, 291 (9th Cir. 1996) (holding there is no objectively reasonable expectation of privacy from outbound calls from prison, and the Fourth Amendment is not triggered).

The Defendant claims that the release of jailhouse calls is not permitted by the Bureau of Prison's administrative regulations. Under 28 C.F.R. § 513.34:

> "Information that concerns an individual and is contained in a system of records maintained by the Bureau shall not be disclosed to any person, or to another agency except under the provisions of the Privacy Act, 5 U.S.C. 552a, the Freedom of Information Act, 5 U.S.C. 552, and Departmental regulations."

The Defendant contends that recordings of jailhouse calls are covered by the regulation, and that the government must show that it has complied with the Privacy Act requirements before using the jailhouse calls.[1] [Def. Mem. Supp. Mtn. to Suppress at 7]. This Court does not express an opinion about whether the regulation indeed restricts the disclosure of jailhouse calls.

Regardless of the merits of Defendant's contentions regarding possible violations of the Privacy Act, he has not presented grounds for suppressing the information in his criminal case.

The Privacy Act explicitly creates remedies for individuals harmed by violations of the statute. Section 552a(g)(1) authorizes individuals to bring civil actions against an agency for, *inter alia*, failing to comply with a provision of the statute or a rule

---

[1] The Privacy Act, 5 U.S.C. § 522a contains a law enforcement exception which authorizes disclosure:

> to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought.

Section 552a(b)(7).

promulgated thereunder. The statute also announces criminal penalties for officers or employees who willfully disclose material to any person or agency not entitled to receive it (§ 552a(i)(1)), for officers or employees who willfully maintain a system of records without meeting notice requirements (§ 552a(i)(2)), and for any person who knowingly and willfully obtains or requests a record under false pretenses (§ 552a(i)(3)). The statute does not explicitly state that the provided remedies are exclusive.

At least one other district court in this circuit has confronted the issue and concluded that the suppression remedy is unavailable under the Privacy Act. *United States v. Cooper*, 2005 WL 3555713 at *3-4 (N.D. Cal. December 28, 2005). Additionally, although the Ninth Circuit has not specifically considered the availability of an exclusionary remedy under the Privacy Act, it has refused to create an exclusionary remedy under similar circumstances. In *United States v. Michaelian*, 803 F.2d 1042, 1049 (9th Cir. 1986), the Ninth Circuit affirmed a district court's refusal to suppress evidence obtained in violation of a federal law restricting disclosure of tax information by the IRS to the Department of Justice. In doing so, the Ninth Circuit noted its prior reluctance to imply a judicial remedy for violation of the statute, "given Congress' explicit provision of a remedy." *Id.*

Other courts to consider the issue have held that the Privacy Act's remedies are exclusive. *United States v. Bressler*, 772 F.2d 287, 293 (7th Cir. 1985) ("even if the defendant had made a sustainable argument, the proper remedy is a civil action under Section 552a(g)(1) of the Privacy Act, not dismissal of the indictment."); *United States v. Gillotti*, 822 F.Supp 984, 989 (W.D.N.Y. 1993) (noting that appropriate relief for a violation of § 552a(e)(7) is found in the statute, and noting the lack of judicial authority to support the argument that violation of the Privacy Act can provide any form of relief in a federal criminal prosecution).

As the district court stated in *Cooper*, the Supreme Court has held it proper for courts to exercise their supervisory power to suppress evidence obtained through non-

constitutional illegality in the past, but it has recently declined to do so where the defendant's constitutional rights have not been violated. 2005 WL 3555713 at *4. In *United States v. Lombera-Camorlinga*, 206 F.3d 882 (9th Cir. 2000), the Ninth Circuit stated that "this and other circuits have held in recent years that an exclusionary rule is typically available only for constitutional violations, not for statutory or treaty violations." (citations omitted). To the extent this Court has discretion to exercise supervisory powers to fashion a remedy, the facts of the case would not merit its doing so. *C.f., United States v. Caceres*, 440 U.S. 741, 757 (1979) (where actions of IRS in recording conversation without Justice Department authorization reflected a reasonable, good faith attempt to comply in a situation in which monitoring was appropriate and would have received authorization, "there is simply no reason why a court should exercise whatever discretion it may have to exclude evidence obtained in violation of the regulations.").

The Defendant also points to 28 C.F.R. § 540.102, which establishes the phone monitoring authority of the Bureau of Prisons, for purposes of security, orderly management of the institution, and protection of the public. Defendant cites no authority to suggest that calls recorded by a system that furthers these goals cannot later be sought for use in a public prosecution.

Defendant's arguments concerning the use of grand jury subpoenas will not be considered, as the government has indicated that grand jury subpoenas were not used. Gov't Reply at 5.

The Defendant's new arguments regarding administrative subpoenas were raised for the first time in the reply brief, and will not be considered. *Zamani*, 491 F.3d at 997.

At this time, the Court lacks context to consider the Defendant's objection on the basis that the phone call evidence would reveal his incarcerated status, and that the

///

///

danger of undue prejudice outweighs the probative value under Federal Rule of Evidence 403. The Defendant has leave to raise the objection at trial.

Accordingly, Defendant's Motion to Preclude Introduction of Jail Calls is **DENIED**.

Dated: October __, 2013

HON. ROGER T. BENITEZ
United States District Judge